Robert Thurman
**WILKERSON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–935.**

Court of Criminal Appeals of Oklahoma.

April 11, 1991.

## ORDER DENYING MOTION TO ALLOW FILING OF PRO SE SUPPLEMENTAL BRIEF

On March 28, 1991, Appellant, through his Attorney of Record, the Appellate Public Defender, filed a motion to allow a pro se supplemental brief to be filed in the above styled case, which is on appeal to the Court from the District Court of Muskogee County, Case No. CRF–85–513. Appellant cites Rule 3.4(E) of the Rules of the Court of Criminal Appeals as authority for this motion. It must be noted that all briefing in this matter was completed by December 29, 1989, well over a year before the supplement was filed.

22 O.S.Supp.1990, Ch. 18, App., Rule 3.4(E) states:

When the records of this Court reflect that an appellant has either retained attorney or court-appointed attorney, only briefs submitted by the attorney of record will be accepted for filing by the Clerk of this Court. Any "pro se" legal arguments to be contained in appellant's brief shall be submitted by the appellant to his attorney of record for submission to this Court.

22 O.S.Supp.1990, Ch. 18, App., Rule 3.4(F) of the Court of Criminal Appeals states in pertinent part that:

(1) A reply brief may be filed in any appeal, upon notice and approval by this Court. A supplemental brief, *if necessary to present new authority on issues previously raised, may be filed if granted leave of Court* ... (emphasis added)

In promulgating Rule 3.4(E) it was not the intent of this Court that the attorney of record act as a "straw man" or "rubber stamp" when pro se legal arguments are presented to this Court. In fact, whenever an appellant is represented by counsel at this stage of an appeal, it is the responsibility of the appellate attorney of record to sponsor and participate in the preparation of all briefs submitted to this Court on behalf of his client, and in compliance with this Court's Rules. Appellate attorney also has the responsibility to submit only viable issues and relevant authority to the Court.

Rule 3.4(F) of the Rules of this Court clearly states that a supplemental brief may be filed, if necessary to present new authority on issues previously raised, and if granted leave by this Court. Implicit in this Rule is that the request to supplement must be filed "within a reasonable time" after the final briefing and the publication of the "new" authority.

Not only has Appellant submitted a new proposition in a pro se supplemental brief almost one and one-half (1½) years after the briefing had been completed, but it does not contain any new authority and was not submitted by the attorney of record in compliance with the Rules of this Court. The Appellant's attorney merely attached a Motion to Allow Filing of Pro Se Supplemental Brief to the brief prepared by Appellant. This procedure does not fulfill the attorney's obligation to the Court pursuant to Rule 3.4(E) and (F) of the Rules of this Court or Rule 3.1 and 3.2 of the Rules of Professional Conduct, 5 O.S. Supp.1988, Ch. 1, App. 3–A.

After fully considering Appellant's motion and relevant authority, we find that

the motion to file the pro se supplemental brief should be denied.

IT IS THEREFORE THE ORDER OF THIS COURT, that Appellant's motion to file the pro se supplement is hereby DE-NIED.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Vice Presiding Judge

/s/ Tom Brett
TOM BRETT,
Judge

/s/ Ed Parks
ED PARKS,
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge